IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

UNITED STATES OF AMERICA,

    Plaintiff,

v.

$8,522.00 IN UNITED STATES CURRENCY,

    Defendant.
_____

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***
_____

The United States of America, by and through Acting United States Attorney Matthew T. Kirsch and Assistant United States Attorney Laura B. Hurd, pursuant to Supplemental Rules for Admiralty, Maritime and Asset Forfeiture Claims G(2), states:

JURISDICTION AND VENUE

1.  The United States of America (the "United States") has commenced this action pursuant to the civil forfeiture provisions of 21 U.S.C. § 881, seeking forfeiture of defendant property based upon violations of 21 U.S.C. § 801 et seq. This Court has jurisdiction under 28 U.S.C. §§ 1345 and 1355.

2.  Venue is proper under 21 U.S.C. § 881(j) and 28 U.S.C. § 1395, as the defendant property is located, and some of the acts described herein occurred, in the District of Colorado.

1

## DEFENDANT PROPERTY

3. Defendant property is more fully described as:

a. $8,522.00 in United States Currency, (defendant "$8,552.00") seized on November 16, 2020, from the vehicle registered to Jeremy Schliesser located near Mile Marker 69 just south of Highway 6, Parachute, Colorado. Defendant $8,522.00 in United States Currency is currently being held by the United States Marshals Service, Denver, Colorado.

## FACTUAL BASIS FOR FORFEITURE

Except as otherwise noted, all of the following facts and information have been discovered through my own investigation and observations, and the observations and investigations of fellow law enforcement officers as reported to me.

4. On November 15, 2020, while on patrol, Garfield County Sheriff's Office Deputy Davon Smith responded to a call from a Union Pacific Railroad employee reporting a trespass. The employee stated a male and female were on the railroad tracks located near the intersection of Highway 6 and Scarrow Avenue in Parachute, Colorado. Deputy Smith was unable to locate the individuals on November 15, 2020.

5. Again, on November 16, 2020, Deputy Smith responded to another report of a trespass on the property of Union Pacific Railroad. A Union Pacific Railroad employee stated that two people and two vehicles were at the railroad tracks near the intersection of Stone Quarry and Highway 6, near Parachute, Colorado. The Union Pacific Railroad employee further stated that the two people were trespassing on the railroad tracks and that it was a safety issue.

6. Deputy Smith spoke to the reporting employee at Union Pacific Railroad in order to get directions to the vehicles, because the vehicles were parked behind a hillside and were not visible from the road.

7. Based on the directions provided by the employee, Deputy Smith located the two vehicles near the railroad tracks, one was a Volkswagen Jetta and the other was a Honda CRV.  While walking by one of the vehicles, Deputy Smith saw two cell phones in the rear hatch compartment of the Honda CRV.

8. At that location, Deputy Smith contacted the two individuals near the railroad tracks.   Deputy Smith asked both individuals for identification because they were trespassing.   The male stated he did not have his wallet on him, but that his name was Jeremy Schliesser.

9. As Deputy Smith spoke with the two individuals, he saw a butane torch on the front passenger side seat of the Honda CRV.   Based on Deputy Smith's training and experience, butane torches are commonly used in order to ingest illegal narcotics.

10. When Jeremy Schliesser was asked by Deputy Smith if there were any illegal drugs in his vehicle, Jeremy Schliesser stated there were no illegal drugs in his vehicle. When Jeremy Schliesser was asked by Deputy Smith for consent to search his vehicle, Jeremy Schliesser denied consent.   While speaking to Jeremy Schliesser, Deputy Smith observed that Schilesser was very nervous and his fingers began twitching. Schliiesser was also easily confused by questions about where his wallet was located and if he had been to the location the day prior.

11. While Deputy Smith issued citations for trespassing, a K9 unit arrived and conducted a free air sniff of Jeremy Schliesser's Volkswagen Jetta and the certified K9 positively alerted to the presence of illegal drugs.

12. Prior to conducting a probable cause search of the vehicle, Deputy Smith spoke to Jeremy Schliesser. Deputy Smith stated he did not want to know anything about illegal narcotics, but wanted to know if any hypodermic syringes were in the vehicle that could injure him while conducting a search.

13. Jeremy Schliesser replied that there were no hypodermic syringes, but there were two meth pipes and a baggie of meth located in a black sunglass case.

14. During the probable cause search of Jeremy Schliesser's Volkswagen Jetta, Deputies located 37.7 gross grams of a crystalline substance that later tested presumptively positive for methamphetamine, 32.1 grams of suspected Psilocybin mushrooms, four cellphones, and defendant $8,522.00 in United States Currency.

15. The suspected methamphetamine and mushrooms were located with two meth pipes in a black sunglass case inside of a gray tote on the front passenger seat.

16. The defendant $8,522.00 in United States Currency was located in a sock in the rear pocket of the passenger side front seat.

17. Jeremy Schliesser was arrested and charged in Garfield County District Court Case 2020CR553 with possession of controlled substances.

Wages

18. A nationwide search of the Colorado Department of Labor revealed Jeremy Schliesser has a reported income of $8,900.00 in 2020.

19. Based on the above, there is reasonable cause to believe that defendant $8,550.00 in United States Currency represents illegal proceeds of drug trafficking in violations of 21 U.S.C. § 801 *et seq*. Therefore, defendant currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

## VERIFICATION OF JARED E. TETZLAFF
## TASK FORCE OFFICER, DRUG ENFORCEMENT ADMINISTRATION

I, Task Force Officer, Jared E. Tetzlaff, hereby state and aver under the pains and penalties of perjury that I have read the foregoing Factual Basis for Forfeiture and that the facts and information contained therein are true.

*Jared E. Tetzlaff*
Task Force Officer – DEA

STATE OF COLORADO    )
                     ) ss
COUNTY OF GARFIELD   )

The foregoing was acknowledged before me this _____ day of April 2021 by Jared E. Tetzlaff, Special Agent, Drug Enforcement Administration.

Notary Public - Colorado
My Commission Expires: 1-11-22

MICHAEL J TYLER
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20054042276
MY COMMISSION EXPIRES JANUARY 11, 2022

## FIRST CLAIM FOR RELIEF

20. The Plaintiff repeats and incorporates by reference the paragraphs above.

21. By the foregoing and other acts, defendant $8,522.00 in United States Currency represents monies furnished or intended to be furnished in exchange for a controlled substance, proceeds traceable to such an exchange, and/or monies used or intended to be used to facilitate a violation of 21 U.S.C. § 801 *et seq.*, and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States prays for entry of a final order of forfeiture for the defendant property in favor of the United States, that the United States be authorized to dispose of the defendant property in accordance with law, and that the Court enter a finding of probable cause for the seizure of the defendant property and issue a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465.

DATED this 30th day of March 2021.

Respectfully submitted,

MATTHEW T. KIRSCH
Acting United States Attorney

By:  *s/ Laura B. Hurd*
Laura B. Hurd
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Fax: (303) 454-0404
E-mail: Laura.Hurd@usdoj.gov
*Attorney for Plaintiff*